PRYOR, Circuit Judge,
concurring in part and concurring in the judgment:
I concur in full as to all but Part III.C. of the majority opinion, and I concur in the result as to that part. I write separately to explain that there is a sounder way to resolve Perez-Guerrero’s claim that the United States violated his right to due process, U.S. Const. Amend. V. The Court assumes without deciding that Perez-Guerrero has a right to substantive due process and then concludes that his removal does not “shock the conscience” of the Court. Majority Op. at 1233-34. I would instead hold that an alien has no substantive right, under the Due Process Clause, to be free from an order of removal and that the doctrine of state-created danger has no application in immigration proceedings. That approach respects both the separation of powers and the precedents of the Supreme Court.
An alien enjoys no substantive right of due process to be free from an order of removal. The Constitution assigns to the political branches, not to the judiciary, the power to expel or retain aliens. See U.S. Const. Art. I, § 8 (granting Congress the power to “provide for the common Defence,” to “regulate Commerce with foreign Nations,” and to “establish an uniform Rule of Naturalization”); id. Art. II, § 3 (providing that the President “shall take Care that the Laws be faithfully executed”). The Supreme Court has described “the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government’s political departments largely immune from judicial control.” Fiallo v. Bell, 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 210, 73 S.Ct. 625,
628, 97 L.Ed. 956 (1953)). Although “[i]n the enforcement of [immigration] policies, the Executive Branch of the Government must respect the procedural safeguards of due process[,] ... that the formulation of these policies is entrusted exclusively to Congress has become about as firmly imbedded in the legislative and judicial tissues of our body politic as any aspect of our government.” Galvan v. Press, 347 U.S. 522, 531, 74 S.Ct. 737, 743, 98 L.Ed. 911 (1954).
Perez-Guerrero is entitled to pursue those avenues for relief that Congress has afforded to him, but “we have no judicial authority to substitute our political judgment for that of the Congress” and augment those statutory avenues for relief with one of judicial creation. See Fiallo, 430 U.S. at 798, 97 S.Ct. at 1481. Several of our sister circuits agree that the Due Process Clause does not prohibit the removal of aliens from the United States and that the doctrine of state-created danger has no application in immigration proceedings. See Vicente-Elias v. Mukasey, 532 F.3d 1086, 1095 (10th Cir.2008); Enwonwu v. Gonzales, 438 F.3d 22, 30-31 (1st Cir.2006); Kamara v. Att’y Gen. of the U.S., 420 F.3d 202, 217-18 (3d Cir.2005).
The Court assumes without deciding that the state created danger doctrine applies in the immigration context, but I see no reason to make an assumption unsupported by the text of the Constitution or the decisions of the Supreme Court. The Court cites no authority to support the existence of a right to substantive due process in this context. As the Supreme Court has “decline[d] to fashion a new due process right out of thin air,” Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996), so too should we decline to assume the existence of a new due process right out of thin air. See Waddell v. Hendry Cnty. Sheriff's Of *1238 fice, 329 F.3d 1300, 1304-05 (11th Cir.2003) (explaining that we must “take seriously the Supreme Court’s caution against expanding the concept of substantive due process”).
Nor does the doctrine of constitutional avoidance or the principle of judicial restraint support assuming the existence of Perez-Guerrero’s claim. The Court substitutes one constitutional question— whether a substantive due process right exists—with another constitutional question—whether the removal of Perez-Guerrero “shocks the conscience.” And the Court opines about the constitutionality of Executive action when the Constitution and Supreme Court precedent establish that we lack the authority to do so. The Court eschews a decisión based on text and precedent for a decision based on the “oxymoron” of substantive due process, United States v. Carlton, 512 U.S. 26, 39, 114 S.Ct. 2018, 2026, 129 L.Ed.2d 22 (1994) (Scalia, J., concurring in the judgment), where “guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended” and “[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field,” see Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992); see also Nix v. Franklin Cnty. Sch. Dist., 311 F.3d 1373, 1375 (11th Cir.2002) (explaining that the “somewhat nebulous” “shock the conscience” test has “taken on different meanings in different cases”). I would hold that an alien has no substantive right, under the Due Process Clause, to be free from an order of removal.